UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:11-14

CHESAPEAKE APPALACHIA, LLC, PLAINTIFF

v. **OPINION AND ORDER**

DEMORIS MARTIN and DERRICK MARTIN, DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Preliminary Injunction filed by Chesapeake Appalachia, LLC [DE 6]. Chesapeake asserts that it has a valid right-of-way on the Defendants' property. It further asserts that it owns and operates a six-inch natural gas pipeline that is buried within the bounds of the right-of way. Chesapeake asserts that the Defendants have constructed a fence for the storage of heavy equipment and have also conducted earthwork operations over the pipeline. Chesapeake asserts that the Defendants' actions have substantially increased the overburden on top of Chesapeake's pipeline which increases the risk of damage to the pipeline and also hinders Chesapeake's ability to fully access the pipeline in the event of a leak.

With its motion, Chesapeake cites evidence that it holds the right-of-way on the subject property to construct, operate, maintain, and remove the pipeline. Chesapeake also submits evidence that the Defendants cannot safely use heavy equipment on top of the ground where the pipeline is buried and that such use could damage the pipeline

creating a leak and a risk of fire and explosion. Chesapeake submits evidence that the construction area is located directly adjacent to Highway 80 and, thus, not only the Defendants, but members of the public would be potentially injured in any fire or explosion.

Chesapeake asks the court for an order (1) temporarily barring the Defendants from proceeding with their construction activities and storage of the heavy equipment within Chesapeake's right-of-way; and (2) allowing Chesapeake to remove the overburden and fence to restore the property to a safe condition.

Given the evidence of potential danger to the parties and the public caused by the Defendants' activities, the Court will enter the preliminary injunction tendered by Chesapeake but will set this matter for a hearing to determine if the preliminary injunction shall stand or be dissolved.

For all these reasons, the Court hereby ORDERS as follows:

1) Chesapeake's Motion for Preliminary Injunction [DE 6] is GRANTED and the Court will enter the Preliminary Injunction tendered by Chesapeake;

2) This matter is SET for a hearing on **April 12, 2011 at 10:00 a.m.** at the federal courthouse in Pikeville, Kentucky;

3) This matter is REFERRED to Magistrate Judge Edward B. Atkins to conduct the hearing and to file a Report and Recommendation; and

4) The Clerk of the Court SHALL SERVE the Defendants with a copy of this Opinion and Order at the address indicated on the Affidavits of Service [DE 4, 5 ] for each Defendant and SHALL ALSO SERVE Roger Varney, P.O. Box 402, Pikeville, KY 41502 who is identified in Chesapeake's motion as Counsel for the Defendants.

Dated this 8th day of March, 2011.

Signed By:
*Karen K. Caldwell*
United States District Judge